UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES B. FATCHETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05CV58 HEA |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [#16]. Plaintiff has responded to the motion. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**Facts and Background**

On January 14, 2005, Plaintiff filed his Complaint and a Temporary Restraining Order seeking to enjoin Defendants from contacting him based on an alleged conspiracy plotted against Plaintiff. Plaintiff claims he was an employee of the United States of America and that Defendants, various United States Agencies and federal employees, have mishandled Plaintiff's Freedom of Information Act (FOIA) requests and have planted electronic tracking devises in Plaintiff's body. Plaintiff also alleges he was involved in a covert program to infiltrate alien smuggling operations in Mexico, though he does not state which U.S. agency was in charge of the operation. Plaintiff's various memorandum filed in this Court also allege the federal government is engaged in narcotics distribution.

On February 1, 2005, this Court held a hearing on Plaintiff's Temporary Restraining Order and determined the issuance of a TRO was not warranted.  Defendants now move to dismiss this cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants also move this Court to enter an Order pursuant to Rule 12(f) requiring Plaintiff to seek leave of Court prior to filing subsequent lawsuits against the United States Government.

**Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint.  When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)*; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff.  *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997).  But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990).  "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.*  Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

**Discussion**

Plaintiff's Complaint is brought pursuant to 28 U.S.C. § 2671, the Federal Tort Claims Act (FTCA), which operates to waive sovereign immunity for common law torts committed by federal employees acting within the scope of their employment. In an action brought under the FTCA, the United States may be held liable for the negligent acts of its employees if such acts would be negligent under the law of the place where they occurred. 28 U.S.C. § 2671.

Plaintiff's Complaint alleges that various federal agencies and employees committed fraud and/or perjury in responding to Plaintiff's FOIA requests. Plaintiff claims the responses provided by the FBI and other federal agencies informed him that no records could be located. Plaintiff alleges this constitutes fraud and/or perjury on the part of the responding agencies and employees. Plaintiff filed administrative appeals in the Department of Justice's Office of Information and Privacy, which affirmed the responses of the agencies. Nowhere in his Complaint, however, does Plaintiff claim to have suffered injury as a result of the government's responses to his FOIA requests.

Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted. This Court agrees. Plaintiff's Complaint is replete with bold accusations that the federal government is involved in narcotics distribution and alien smuggling. Most notably, perhaps, is Plaintiff's contention that the federal government planted a "Passive

Integrative Transponder", an electronic tracking device, in Plaintiff's body. Additionally, in his response to Defendants' motion, Plaintiff contends he "is a CIA agent alleging breach of covenants and promises as retaliation for informing." Plaintiff claims he "informed on five of his controlling agents" and that two of the agents "were allocated [sic] for the theft and sale of F.B.I. files." Plaintiff also claims that at least one individual "confessed to manufacturing mental illness claims against [him]."

Plaintiff's Complaint contains broad and conclusory allegations and does not contain allegations from which an inference can be drawn that *any* evidence on these material points will be introduced at trial. Therefore, Defenants' motion to dismiss will be granted, because it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim entitling him to relief.

Also in their motion, Defendants contend that Plaintiff should be prevented, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, from filing subsequent lawsuits against the federal government without leave of Court. Defendants, however, make no effort to support this contention in their motion or their memorandum in support of the motion. As such, Defendants' request is not well taken, and this portion of their motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, [#16] is granted in part and denied in part; pursuant to Rule 12(b)(6), this cause of action is dismissed and

Defendants' request pursuant to Rule 12(f) is denied.

Dated this 31st day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE